IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JUSTIN P. PHILLIPS, | CV 20–180–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Justin P. Phillip's request for judicial review of

the Commissioner's decision denying his application for Supplemental Security

Income (SSI) payments under Title XVI of the Social Security Act.  (Doc. 3); *see*

*also* 42 U.S.C. § 405(g).  For the reasons stated herein, the Court will affirm the

ALJ's decision.

BACKGROUND

On January 3, 2018, Phillips applied for Title XVI SSI benefits.  (Doc. 9 at

340.)[1]  Phillips seeks disability benefits based on post-traumatic stress disorder,

depression, anxiety, and asthma.  (*Id.* at 360.)  His application was initially denied

on March 12, 2018 (*see id.* at 144–158) and upon reconsideration on July 17, 2018

---

[1] Phillips also sought Title II benefits but eventually agreed he could not advance this claim because of a previously unfavorable decision issued in December 2016.  (Doc. 9 at 25, 46.)

(*id.* at 222–27.)  He requested a hearing, and it was held on February 12, 2020.  (*Id.* at 41–83 (hearing transcript).)

During this hearing, testimony was taken from Dr. Marian Martin, a clinical psychologist, (*id.* at 49–56), Phillips (*id.* at 56–76), and Cassie Mills, a vocational counselor and consultant (*id.* at 76–81).  The ALJ issued his decision on February 26, 2020.  (*Id.* at 21–40.)  The ALJ applied the "five-step sequential evaluation process for determining whether an individual is disabled," and concluded, at the fifth step, Phillips was not disabled.  (*Id.*)

Phillips sought review at the Appeals Council, but the ALJ's decision was affirmed on September 8, 2020.  (*Id.* at 6–13.)  Phillips now seeks judicial review in this Court.  Phillips, who is proceeding pro se, originally filed a complaint seeking review of the ALJ's decision in Montana state court.  (Doc. 3.)  The Commissioner subsequently removed that lawsuit to this Court, pursuant to 28 U.S.C. § 1442(a)(1).  (Doc. 1.)  The case is fully briefed and ripe for a decision. (Docs. 12; 13.)

## STANDARD OF REVIEW

This Court can "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error."  *Bray v. Commissioner of Social Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *see also* 42 U.S.C. 405(g). Findings of fact are conclusive if supported by substantial evidence.  42 U.S.C.

405(g).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Bray*, 554 F.3d at 1222.  Importantly, when the evidence "as a whole can support either a grant or denial, we may not substitute our judgment for the ALJ's."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007).  Applying this standard, the Court finds the ALJ's decision must be upheld.

## ANALYSIS

To be eligible for Title XVI benefits, Phillips must be disabled, within the meaning of the Social Security Act.  42 U.S.C. § 1381a.  This requires Phillips to demonstrate that "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," meaning "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(A)–(B).

A "five-step sequential review process" governs whether "a claimant qualifies as disabled."  *Bray*, 554 F.3d at 1222 (citing *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *see also* 20 C.F.R. §§ 404.1520, 416.920.  The ALJ found in

3

Phillips' favor on the first four steps, so the Court need not discuss them on appeal. (Doc. 9 at 27–34.)  Construing Phillips' brief liberally, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court finds he is attacking the Court's residual functional capacity assessment and application of that assessment at the fifth step.

Residual functional capacity assessments are designed to determine the most an applicant for benefits can do despite their physical or mental limitations.  20 C.F.R. § 404.1545(a)(1).  This assessment requires consideration of "all of the relevant medical and other evidence" and is used at step five to determine whether the applicant "can adjust to any other work that exists in the national economy."  20 C.F.R. § 404.1545(a)(3), (5)(ii).  Evaluation of medical evidence requires the consideration of five criteria, including: (1) supportability, (2) consistency; (3) relationship with claimant; (4) specialization; and (5) other relevant factors.  20 C.F.R. § 404.920c(c).  Supportability and consistency are most important.  20 C.F.R. § 404.920c(b)(2).

Phillips challenges the ALJ's reliance on the opinions of Dr. Martin, at the expense of "the medical experts who have actively treated [his] post-traumatic stress disorder, severe depression and anxiety for years."  (Doc. 12 at 1.) Specifically, Phillips argues "the decision made by the ALJ was the wrong one" because "the medical records submitted by [his] trusted doctors were ignored in favor of the opinion of a psychologist who never spent time with [him] in person."

(*Id.*)  The Commissioner responds by arguing that Dr. Martin's opinions were both well-supported and consistent with Phillips' other medical evidence.

Dr. Martin testified at the hearing that based on her review of available medical evidence Phillips had diagnoses of "major depressive disorder (recurrent unspecified) and generalized anxiety disorder."  (Doc. 9 at 28, 50–51.)  Dr. Martin did not find that Phillips suffered from post-traumatic stress disorder and instead found his symptoms more akin to an adjustment disorder brought upon by prolonged exposure to chronic stress.  (*Id.* at 28, 52–53.)  Overall, Dr. Martin found that Phillips' medical records showed pronounced improvement of anxiety and depression symptoms since 2018 due to treatment.  (*Id.* at 28, 50–53.)

Despite these diagnoses, Dr. Martin found that Phillips had only mild limitations in "understanding, remembering or applying information," and in "adapting or managing" himself.  (*Id.* at 29, 53–54.)  Dr. Martin testified Phillips had moderate limitations in interacting with others due to anxiety, but that these social limitations had greatly improved over time.  (*Id.*)  Dr. Martin also testified Phillips had a moderate limitation in "concentrating, persisting, or maintaining pace."  (*Id.*)  In other words, Dr. Martin concluded that although Phillips' depression and anxiety imposed some limitations, none of those limitations were marked or severe.

The ALJ found Dr. Martin's opinions "consistent with [Phillips']

longitudinal treatment history" and concluded Phillips had the residual functional capacity to perform "simple work tasks with limited interaction demands." (*Id.* at 33.) The ALJ applied this residual functional capacity assessment at the fifth step, along with Phillips' "age, education, and work experience," to determine whether he could "make an adjustment to other work." (*Id.* at 34–35); *see also* 20 C.F.R. § 404.1520(a)(4)(v). Ultimately, the ALJ concluded Phillips "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," and that, as such, Phillips was not disabled. (Doc. 9 at 35.)

Upon review, the Court finds no basis for disturbing the ALJ's decision. Phillips argues Dr. Martins' testimony should have been discounted in favor of the medical records generated by his treating medical providers. (Doc. 12 at 1.) But placing "controlling weight" on the opinions of Phillips' treating providers would be contrary to the applicable authority. 20 C.F.R. § 416.920c(a). Moreover, Dr. Martin's testimony was based on her review of these records and the ALJ found such opinions to be both consistent with and supported by the records submitted in this case and Phillips' own testimony. (Doc. 9 at 28–33, 49.)

Without a doubt, Phillips suffers from anxiety and depression. (*Id.* at 51–52.) The evidence in this case, however, including the testimony of Dr. Martin, demonstrates that any limitations caused by these conditions have improved in response to treatment and he remains able to engage in simple work-related tasks

with limited public interaction.  For example, Phillips' treatment records from the date of his application onward, reflect diagnoses of anxiety and depression, but also Phillips' ability engage in independent everyday life activities.  (*Id.* at 32 (collecting records).)   The records also reveal marked improvement in Phillips' symptoms over time.  (*Id.*)  The Court agrees with the ALJ that Dr. Martin's opinions are entirely consistent with, and supported by, these records.  (*Id.* at 33.)

They are also consistent with Phillips' own testimony, wherein he acknowledged his ability to perform in various social situations, such as when traveling, playing music in public, and going to gym.  (*Id.* at 58–60,63–64, 68–70, 73.)  In short, neither the ALJ or this Court doubt that Phillips suffers from anxiety and depression.  But the Court cannot conclude the ALJ erred in finding that the limitations stemming from these conditions are such that Phillips, when considering his age, education, and work experience, is unable to perform any job available in sufficient numbers in the national economy.

As a final matter, the Court rejects Phillips' contention that additional evidence he submitted to the Appeals Council should have made the difference. (Doc. 12 at 1.)  This new evidence is a July 3, 2020, letter from Dr. Douglas Muir (Doc. 9 at 18–20.)  In this letter, Dr. Muir, who treats Phillips, states that although his symptoms have improved, they still continue to impact him.  (*Id.* at 20.)  Even assuming this letter constitutes a medical opinion, (Doc. 13 at 12), it cannot be

afforded greater weight than the other medical evidence in the record, 20 C.F.R. §

416.920c(a), including treatment notes from Dr. Muir's office considered by the

ALJ (Doc. 9 at 24, 27–28, 530–40.)

In sum, the Court will affirm the ALJ's decision concluding that Phillips is

not disabled.

Accordingly, IT IS ORDERED the Commissioner's decision is

AFFIRMED.  The Clerk of Court shall enter judgment by separate document and

close the case file.

DATED this 31st day of May, 2022.

Dana L. Christensen, District Judge
United States District Court